IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CUBE INFRASTRUCTURE MANAGERS SA**, acting on behalf of **CUBE INFRASTRUCTURE FUND II**, an independent Luxembourgian management Company<br><br>Plaintiff,<br><br>v.<br><br>**GRANAHAN MCCOURT DUBLIN, LLC**, a Delaware Limited Liability Company and **OAK HILL ADVISORS, L.P.**, a Delaware Limited Partnership<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: C.A. No.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **COMPLAINT**

Plaintiff Cube Infrastructure Managers SA, acting on behalf of Cube Infrastructure Fund II ("Cube" or "Plaintiff"), for its Complaint against Granahan McCourt Dublin, LLC ("GMC") and Oak Hill Advisors, L.P. ("Oak Hill), by and through its undersigned counsel, alleges, upon personal knowledge as to itself, and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. Cube brings this action for (a) breach of a ███████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ████████████████████████████, (b) tortious interference with the ███ by Oak Hill Advisors, L.P. ("Oak Hill"), and (c) tortious interference with ██████ ████████████████ signed by non-party Granahan McCourt Dublin (Ireland) Limited ("FundCo"), non-party ESCF Investment S.à.r.l. ("ESCF"), and Cube by GMC and Oak Hill.

2. Rather than comply with their obligations under the ███ and the ███, GMC, along with Oak Hill and two investors in Holdings, FundCo and ESCF, █████████ ███████████████████████████████████████ ███████████████████████████████████████ █████. GMC breached the ███ and Oak Hill tortiously interfered with the ███ by inducing or otherwise causing GMC not to perform the contract. GMC and Oak Hill also tortiously interfered with the ███ by respectively inducing or causing ESCF and FundCo to ███████████████████████████████████████ ██████████████████████████████████.

## THE PARTIES

3. Plaintiff Cube Infrastructure Managers SA is an independent Luxembourgian management company focusing on investments in the European infrastructure space. Its principal place of business is 41 Avenue de la Liberté – L – 1931 – Luxembourg. Cube's management is comprised of a close-knit team with broad industrial and managerial experience, and with a

highly international profile. Cube's objective is to generate a combination of current yield and long-term capital appreciation through investments in regulated, brownfield infrastructure assets, addressing the essential infrastructure needs of the local communities, primarily within western Europe, and with a "Buy-Grow-and-Hold" strategy. To do so, Cube takes control or co-control positions in mid-caps with highly competitive runners up positions and develops their potential through organic growth and synergetic add-on investments. Cube focuses on strategic infrastructure markets offering sustainable growth potential principally driven by deregulation and/or market consolidation needed to improve the efficiency of infrastructure and public services. Rather than being a pure financial player, Cube positions itself as a strategic partner, bringing both capital and management expertise to its portfolio companies. The assets are managed proactively, with a long-term perspective, based on the team's expertise and its long-standing ties with infrastructure contractors, operators and public authorities. Cube Infrastructure Managers SA is the manager of Cube and as such has full and complete authority to act on behalf of Cube.

4. Defendant GMC is a Delaware limited liability company. GMC is owned and controlled by Granahan McCourt Capital. Granahan McCourt Capital is a private investment firm focused on connecting people to innovation in technologically underserved areas of the world. Its team includes some of the most experienced and successful entrepreneurs and business leaders in technology, media and telecom. Granahan McCourt Capital was founded by David C. McCourt, who currently serves as its Chairman and Chief Executive Officer. Mr. McCourt is an Irish-American entrepreneur with experience within the telecom and cable television industries. ███████████████████████████

███████████████████████████

▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐
▐▐▐▐▐▐▐▐▐▐▐▐▐.

5. Defendant Oak Hill is a Delaware limited partnership with its principal place of business in the State of New York 1114 Avenue of the Americas, 27th Floor, New York, New York 10036. Oak Hill directly or indirectly wholly owns and controls non-party ESCF, a Luxembourgian company.

6. Non-party AMP is a global investment manager with a large presence in Australia.

7. Non-party Holdings is an Irish company founded in 2013. Its holdings include enet, which operates a fiber optic infrastructure known as the Metropolitan Area Networks on behalf of the Irish government and Airspeed Telecom, a leading provider of high performance telecommunications products and services to enterprise, public sector and SME businesses. Prior to an investment by AMP, Holdings was owned by ESCF, holding 48%, and FundCo, holding 52%.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. § 1332 (diversity of citizenship jurisdiction). GMC is a Delaware limited liability company with a principal place of business, upon information and belief, in either Huntingdon Valley, Pennsylvania or Miami, Florida. Oak Hill is a Delaware limited partnership whose principal place of business, upon information and belief is in New York, New York. Cube is a Luxembourgian management company headquartered in Luxembourg. Cube seeks damages reasonably believed to be in excess of seventy-five thousand dollars, exclusive of interest and costs.

EAST\150068689.1

9. The Court may exercise jurisdiction over the person of GMC because GMC is a Delaware limited liability company.

10. The Court may exercise jurisdiction over the person of Oak Hill, because Oak Hill is a Delaware limited partnership.

11. Venue is proper under 28 U.S.C. § 1391, because GMC is a Delaware limited liability company and Oak Hill is a Delaware limited partnership.

## **BACKGROUND FACTS**

12. The claims asserted against Defendants are related to claims being asserted by Cube against other defendants in parallel actions being filed concurrently in courts in New York and Pennsylvania based on the contacts of those other parties with those jurisdictions.



EAST\150068689.1


EAST\150068689.1

EAST\150068689.1


EAST\150068689.1

███████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████

33. ███████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
█████████████████████████ (A true and correct copy of the parties email exchange is attached as Exhibit E with email addresses redacted.) ████████
████████████████████████████████
████████████████████

███████████████████████████████
█████████████████████



42.

EAST\150068689.1

██████████████████████████████████████████
████████████████████████

44. The transaction with AMP closed in late October, 2017.

45. Cube has been significantly damaged by the breaches of the ███ and ███ including, but not limited to, incurring ██████ expenses, damage to its reputation and losing ████████████████████████████████████████████████████████████
██████████.

### FIRST CAUSE OF ACTION
*(Breach of ███ by GMC)*

46. The allegations contained in the previous paragraphs are hereby incorporated by reference as if fully set forth herein.

47. The ███ is a valid and binding contract between Cube and GMC.

48. Cube has performed all its obligations under the ███.

49. GMC breached the ████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████████████████.

50. Cube is entitled to any and all compensatory damages flowing from GMC's breach of contract.

### SECOND CAUSE OF ACTION
*(Tortious Interference with ███ by Oak Hill)*

51. The allegations contained in the previous paragraphs are hereby incorporated by reference as if fully set forth herein.

52. Oak Hill, through its ownership and control of ESCF, knew or should have known of the ███ between GMC and Cube.

53. Upon information and belief, Oak Hill intentionally interfered with Cube's ███ ███████████████████████████████████████████████████ ███████████████████████████.

54. Oak Hill's actions were intentional, wrongful and without justification or privilege.

55. Cube has been damaged by Oak Hill's intentional conduct in an amount provable at trial.

### THIRD CAUSE OF ACTION
*(Tortious Interference with ███ by Oak Hill)*

56. The allegations contained in the previous paragraphs are hereby incorporated by reference as if fully set forth herein.

57. The ███ was a valid and binding contract between FundCo, ESCF and Cube.

58. Oak Hill through its relationship with ESCF, knew or should have known of the ███ between FundCo, ESCF and Cube.

59. Oak Hill intentionally interfered with the ████████████████ ███████████████████████████████████████ ██████████████.

60. Oak Hill intentionally interfered with ████████████████████ ██████████████████████.

61. Oak Hill's actions were intentional, wrongful and without justification or privilege.

EAST\150068689.1

62. Cube has been damaged by Oak Hill's intentional conduct which procured a breach of the ███ in an amount provable at trial.

### FOURTH CAUSE OF ACTION
*(Tortious Interference with ███ by GMC)*

63. The allegations contained in the previous paragraphs are hereby incorporated by reference as if fully set forth herein.

64. The ███ was a valid and binding contract between FundCo, ESCF and Cube.

65. GMC through its relationship with FundCo, knew or should have known of the ███ between FundCo, ESCF and Cube.

66. GMC intentionally interfered with the ███████████████████████████████████████████████████████████████████.

67. GMC intentionally interfered with ███████████████████████████████████████.

68. GMC's actions were intentional, wrongful and without justification or privilege.

69. Cube has been damaged by GMC's intentional conduct which procured a breach of the ███ in an amount provable at trial.

EAST\150068689.1

## PRAYER FOR RELIEF

**WHEREFORE**, Cube seeks a judgment:

A. Declaring GMC in breach of the NDA;

B. Declaring Oak Hill tortiously interfered with the NDA;

C. Declaring GMC and Oak Hill tortiously interfered with the LOI;

D. Awarding Cube damages resulting from GMC's breach of the NDA;

E. Awarding Cube damages resulting from Oak Hill's tortious interference with the NDA;

F. Awarding Cube damages resulting from GMC and Oak Hill's tortious interference with the LOI;

G. Awarding Cube the costs and disbursements of this action, including reasonable attorneys' fees; and

H. Granting Plaintiff Cube such other and further relief as this Court may deem just and proper.

DATED: January 10, 2018        **DLA PIPER LLP (US)**

**Of Counsel:**

John J. Clarke, Jr.
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
T: (212) 335-4500
F: (212) 335-4501
john.clarke@dlapiper.com

Courtney Gilligan Saleski
DLA Piper LLP (US)
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103-7300
T: (215) 656-3300
F: (215) 656-3301
courtney.saleski@dlapiper.com

*/s/ John L. Reed*
John L. Reed (I.D. No. 3023)
Derrick B. Farrell (I.D. No. 5747)
Ethan Townsend (I.D. No. 5813)
Harrison Carpenter (I.D. No. 6018)
1201 North Market Street, Suite 2100
Wilmington, DE 19801
T: (302) 468-5700
F: (302) 394-2341
john.reed@dlapiper.com
derrick.farrell@dlapiper.com
ethan.townsend@dlapiper.com
harrison.carpenter@dlapiper.com

*Attorney for Plaintiff*